The next case for argument is 15-1598 SmartMetric v. Mastercard International. Mr. Franklin. Good morning. May the... Why don't we hold off a minute while your friend gets settled here. Okay. Good morning, and may it please the court. I would like to convince you of two points today. First, if there was ever a case that should be found exceptional, this is it, from the lack of a pre-suit investigation to SmartMetric's unreasonable arguments regarding the local access number limitation in the claims. Second, not only was it an abuse of discretion not to find this an exceptional case, but the district court made several clear errors of law in its ruling, unfairly faulting Mastercard for not bringing a dispositive motion early in the case, and wrongly relying upon the mistaken proposition that a patentee may continue litigating even after receiving a determinative claim construction. In OPLIS Technologies v. Vizio, this court indicated that where a patentee no longer has an argument for infringement, it should stipulate to non-infringement. This rule is correct, and it is in conflict with the law cited in the district court's order. Why don't you show us where... What you're talking about in the district court's order? Sure. It's on page five. Page five? Okay. Is it the Connecca case? It's the Connecca case. Okay. I'm having a problem with that case, and I was going to ask your friend about it, too. I've seen it cited before. What is your read of that case? My read of that case is that the Honorable Judge Felser found that a patentee has a right to continue litigating even after receiving a claim construction that is determinative of the issue of infringement, and the reasoning that Judge Felser gave in the case was that without at least one party filing a motion for summary judgment, there isn't a sufficient record for the losing party, the patentee, to take an appeal, and that reasoning is wrong. As the court found, this court found in the... It was the Jang case. Even after determinative claim construction, the parties may enter into a stipulated judgment that may explain the basis for an infringement determination. MasterCard submits that that is what should have happened here. After Judge Fitzgerald, in this case, issued his claim construction regarding local access number, the patentee SMART metric no longer had an objectively reasonable basis for continuing its infringement claim. Well, did the district court find that? I mean, the district court suggested that they won part of their claim construction. I mean, you're making an assertion that there was no non-frivolous argument that could be made with respect to summary judgment. Does the district court conclude that and just therefore rely on Conecuh because they can get away with it under Conecuh? Well, the district court doesn't say that. What the district court says is that it was not implausible on its face for SMART metric to have continued, but not implausible on its face is different from objective reasonableness, which is the factor that the Supreme Court considered in the Octane Fitness case. Plausible on its face is the Twombly-Iqbal standard for pleadings. Objective reasonableness demands more. It demands an inquiry into the evidence that SMART metric was eventually able to present on summary judgment. And that evidence showed that SMART metric lacked an objectively reasonable infringement position after claim construction. Let me ask you, so you're hinging your argument on your entitlement to attorney's fees based on the fact that they didn't cave in after claim construction. So it's just that one portion of the case, right? I mean, are you taking issue? I mean, the district court concluded that they did have objectively reasonable arguments at the claim construction piece of it, but you're seeking attorney's fees for everything. You're not saying we should get attorney's fees for just this piece of time we spent having to press the motion for summary judgment, right? Well, we respectfully request the federal circuit to reverse the finding of a lack of totality of the circumstances approach. One piece of the totality of the circumstances was the failure to stop the infringement case after claim construction, but there's other reasons as well. We don't think the claim construction that was offered by SMART metric on local access number was objectively reasonable from the get-go. And the reason why is because it read out the limitation of there being any locality to it. But the district court disagreed with you, right? And in any event, why are you talking about objective reasonableness given that the standard is totality of circumstances for attorney fees? Because objective reasonableness is one of the factors that the Supreme Court picked out of the Fogarty copyright case from the Supreme Court in judging the totality of the circumstances. So it's one factor. It's one factor. And the district court considered it, right? I mean, here, one of the problems I'm seeing with your argument is that, look, I might agree with you if I were the original fact finder, but I look at everything you're arguing and I see it discussed in the district court's opinion, but yet the district court comes to a different conclusion. So I'm having a hard time understanding. You're saying the district court applied the wrong law, but I don't see where the district court concluded that any claim constructions or infringement arguments following claim constructions were objectively unreasonable. The district court appears to have judged the post-claim construction arguments on a plausibility on its face standard, which we think was an error of law. Where is that? Where is that discussion? That is on page five. The bottom of the first paragraph on page six. The district court says, while this is a closer case than Byak's court, the court concludes that ultimately plaintiff in this case believed in its litigating position and presented a case that was not implausible on its face. That was an error of law. It was an error of law for the district court to have relied upon Conecuh. Wait. So you think using the term not implausible on its face? I mean, the terms used in Octane cited Fogarty, and the terms used there were frivolous, objectively unreasonable. I don't know, are you saying that not implausible on its face is a different standard than frivolous or objectively unreasonable, both in fact or in law? Plausible on its face is the Iqbal Twombly standard for pleadings, and it would not make sense to say that whenever you're able to get past the pleading stage, you meet the plausible on its face test, that there could not be an award of attorney's fees. So I think Octane Fitness demands more. It was an error for the district court to rely upon Conecuh. It was also an error for the district court to have faulted MasterCard for not filing an early motion for summary judgment at the outset of the case. And under the Highmark case, and what did they say about that? Why don't you point me to where the criticism on not filing an earlier motion for summary judgment. That is at the top of page five of the district court's order. Second line, defendants never brought a motion asserting these deficiencies at that stage of the litigation. Now before that, it says the court did not find that SmartMetrics infringement case lacked any legal or factual basis, and moreover, defendants never brought a motion. Yes. I mean, it's not like the fact that you didn't bring a motion is the sole basis for the decision, let alone even just for the sole basis for the conclusion in this paragraph, right? That is true, but it was one of the factors in the totality of the circumstances that the district court concluded. It was an error of law for the district court to have relied upon that, and in the Highmark case, why? Because it doesn't, as this court stated in Opolis, an accused infringer is not expected to file an early motion for summary judgment, and it would not have made sense for SmartMetric to have filed one here. All it would have done was educate the plaintiff on MasterCard's non-infringement arguments, and it would have drawn a Rule 56D motion from the plaintiff. It would have been futile. But in the Highmark case, the Supreme Court said a district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law, and MasterCard has cited at least three erroneous views of the law that are in this order, faulting MasterCard for not filing the early summary judgment motion, relying on Connecta, and appearing to judge the post-claim construction case based upon the not implausible on its face standard. And this is on top of all the other evidence that MasterCard has cited for why this case, in our view, is indisputably an exceptional case, and that goes to the lack of a pre-filing investigation. Well, would we not have to, at best, if we accept even the arguments that you've made, it would require a vacate and remand, right? Because we don't know. I mean, you have to acknowledge that you've identified three things, which one can arguably say was part of the totality of circumstances upon which the district court relied. But there's plenty of other stuff. And so we would, at best, by your argument, we would send it back to the district court saying, you shouldn't have relied on Connecta, you shouldn't have relied on the early motions, now revisit whether you still adhere to your view. And what do you think the likelihood is that the district court is going to change its view, even if it agrees that those three pieces may have misspoken on those three areas? I see that I'm into my rebuttal time, but at the very least, we think the order should be vacated and remanded. We think it should be reversed and found to be an exceptional case for reasons stated in our briefs. But it isn't for this court to prejudge how Judge Fitzgerald would look at the totality of the circumstances once the errors of law and its order are corrected. That's for Judge Fitzgerald to decide. Okay, thank you. Thank you. Good morning, may I please the court. I'm Pat Bright, I represent Smart Metro, the appellee in this case. My opponent has not mentioned the first point on our appeal, which is a jurisdictional point. And I wanted to spend a moment on that point because it is a standard review is de novo, which means this panel gets to decide the question without any deference to what the district court had to say on the subject. Now this is a case about 285 fees. It's not an 18 U.S.C. 1927 case, and it's not an inherent powers case either. There was no request for fees under either one of those standard provisions for fee shifting. This is just a 285 case. And in the Central District of California where this case originated, there is a rule that says you have 14 days to file a motion for a fee after entry of judgment. My opponents filed such a motion. And then they asked the court to sit on it, awaiting the Supreme's decision in Octane and the other case. His name escapes me. So if you look at JA 2524, this is the court's ruling which follows upon these events. And the court says there that defendants MasterCard and Visa filed a motion for fees. Visa isn't on this appeal. They decided to forgo appealing it after reading Judge Fitzgerald's opinion. And in that first paragraph, the judge capitalizes the word motion. You'll notice. Because he uses it over and over in this order. He says first that the court granted the application to continue the hearing. That was defendant's application. I'm sorry. Are we looking at JA 2524? JA 2524. Okay. It's just the one page. Okay.  My point is that the court refers to the motion, the motion, the motion. He's talking about the motion filed timely in the fall of 13, 2013. Right. And at the end of this order, he says in the last paragraph, the motion, meaning that motion and no other, is denied without prejudice. Now, denied without prejudice has specific meaning in the law. It means that as of the date of this order, there was no motion pending in the district court, period. And I pointed this out in my brief. My opponent doesn't even take issue with that point. They agree that as of the date of this order, August of 2014, there was no motion for a fee pending. So then my friends at MasterCard filed what they called a renewed motion. That motion was filed months and months after the 14-day deadline. Now, if you look at their reply brief, you will see that they raise all kinds of arguments about why it is plausible that the district court intended to waive the application of the 14-day rule. Well, the district court certainly ruled on their later motion. Well, later he did. I'm going to come to that in just a second. But I've called this court's attention that if you look at their reply briefing, you will see arguments raised that were never presented in the district court and therefore waived and not before this court. It was denied without prejudice. How do you explain that it was denied without prejudice? I don't have to explain it. Your Honor, it's a simple analysis. If I file a complaint against Defendant Smith, and at the time I file the complaint, my cause of action is within the statute of limitations, and the trial court then dismisses my complaint without prejudice, and I refile after the statute has run, my opponent may plead and prove the statute to defeat the amended complaint. There is no relation back to defeat the statute of limitations. This is a local rule, right? It's a local rule. That's right. We asked for the benefit of that rule, Your Honor, because we play by the rules. Did you ask the district court for that benefit of that rule? Of course I did. In my briefing, I did. You bet I did. And here's what the judge said when he got around to ruling on it, which was in his order, which is JA1 and following the papers where my opponent's been referring to. At page JA2, the judge says he recites what happens at 25.4. And he gets down to the end of that paragraph on the bottom of page 2, and he says, the court continued the hearing on this motion, the original motion, until after the Supremes issued its decision in Octane, and then again until after the Federal Circuit decided our appeal on the merits. Once those decisions were issued, the court requested further briefing through a renewed motion, thereby adjusting the deadlines by court order. Look at his order. It doesn't adjust any deadlines at all. Not at all. That's an inference he makes about his order after the fact. Are you taking issue with his own interpretation of his own order? I submit to Your Honor that we were severely prejudiced. We are entitled to rely upon the written record, not what's in his head and not expressed on the paper. Can I suggest that we move on to the merits? Yes, ma'am. I'll do so. Okay. Well, let me move on to the merits. You heard your friend's argument, and there are three places where he does arguably identify problems with what the district court said. So why don't we take each in turn? Yes, I'm fine with that. Okay. Well, first of all, my opponents say that the trial court didn't apply the Octane cases. But if you look at the first three cases we have. Well, I'm asking you a specific question. I'm sorry. He identified, if I understood him correctly, three portions, three sections of the district court opinion where he says the district court erred as a matter of law in terms of the standard the district court applied. One of them relies on Connica, right? Why don't we walk through them? The first is the top of JA-5 where the district court says he doesn't find that your case lacked any factual or legal basis. And moreover, defendants never brought a motion asserting these deficiencies at that stage of the litigation. Right. You heard what he had to say, and you've read his brief about why that criticism is not proper. Yes, it is. And here's the answer. In our briefing, we said, and this is in the trial court on the 285 motion, my opponent said that no reasonable attorney representing the plaintiff in this case could have thought that MasterCard controlled the claimed elements of Claim 1. And I said, if that was true at the outset of the case, if that was true as MasterCard asserted it to be, then MasterCard could have and perhaps even should have filed a motion to walk right out of the case at that point. Now, that's my response to their assertion that nobody in his right mind could think that they controlled the elements of the claim from the beginning of the case. That's all I argued. I said the inference to be drawn from the… It's not relevant, for my purposes at least, what you argued. What's relevant is the standard that the district court applied in assessing this case. The Opaliss case is distinguishable because there the trial court found the case to be exceptional. That's what happened in Opaliss. In our case, the trial court found the case to be not exceptional. Not exceptional. So the cases really aren't on all fours. But the point about Opaliss is the trial court's reliance upon it was solely my argument that if the other side was right in saying that nobody reasonable person could think they had control, MasterCard had control, of the claimed elements at the very beginning of the case, then why didn't they file a motion to get out? That's all I said. And the judge said, that makes sense to me. That's what he said. He didn't say they'd lose for that reason. He said the argument that you made in response to their point makes sense to me. That's what he said. Does that help? Why don't we move on? That's the answer. That's the correct answer. If you look at my brief, you'll see that's what we point out to the court. But remember, Opaliss was a case where the trial court found the case to be exceptional and then didn't give a fee. And this court reversed it and said, yeah, you've got to give them something. So it went back. And unfortunately, Judge Felser has died. You may know. Okay. The second claim is about Kenneka, right? Kenneka. Okay. Kenneka has been cited over and over and over again. I know. First by Judge Forrest. I cite Judge Forrest's decision from New York. But is it your view that the correct interpretation of this is a correct view of the law that somehow the reason you can and should and must continue to fight after an adverse claim construction is because that's the only way this case can get up on appeal? No, of course not. Is that right? No. What I argued to Judge Fitzgerald and what I've argued in my briefs on this appeal is that we thought at the end of the claim interpretation exercise that we still had a colorful shot at a finding of infringement. That's what we thought. We didn't think the case was hopeless. So how is Kenneka relevant? Kenneka says if you have a claim interpretation that gives you a colorful shot at a finding of infringement, you have a right to file a motion for summary judgment. So did Judge Forrest in following Kenneka. And there are several other cases, by the way, that follow Kenneka in district courts around this country because it makes sense. So the point here, if I understand it correctly, your point here is not that the district court is saying you can continue to press on even though you don't have an infringement defense at all. Right. But rather that you thought you had a decent defense. That's right. And the court finds in his order that we still had. He says the court disagrees on page five. He says we disagree with their finding that they didn't have a shot at a finding of infringement. He said, in fact, my claim interpretation ruling supports them in some part. Where does he say that? He says on page five, there's no indication that smart metric took an unreasonable position, litigation position. Defendants focused significant attention on their flawed local access number proposal as a key indication that this entire litigation was without merit. However, the courts reviewed this briefing and disagrees that smart metrics proposed language was patently inappropriate. More importantly, the court rejects defendant's argument that continuation of litigation and so on. Stop. So we looked at it. Stop. What the court says, and I understood what you said about Kanika. In my view, it would be the right view because it's not necessary to go to summary judgment if you have a frivolous, if you don't have any infringement. I agree with you, Your Honor. But the district court quoted Kanika as saying, although in this case, claim construction was indeed determinative of the issue of infringement. He's quoting from Kanika there. Yeah. Remember, Kanika is a very different fact situation. In Kanika, Your Honor, the patentee had lost three cases before Judge Felser got to it. Three cases. Nothing like that happened here. I want to know. Can you point to me what the – the question I have is whether or not after you got your adverse claim construction, whether or not the district court concluded that you should have, would have, or were okay in pursuing a case after some litigation, after some – before summary judgment because you needed to proceed to summary judgment by doing that, or whether their view was that even if claim construction was determinative of the issue of infringement, you still were required to proceed to get a – It was required to proceed. The decision of the district court on claim interpretation wasn't adverse and it wasn't determinative of the case.  That's why I went on with the summary judgment motion, but I followed Kanika and all the cases that cited with approval. So I followed the law, Your Honor, and the judge found that I followed the law. That's within his discretion, it seems to me, to say he looked at the claim interpretation that he wrote. Right. Then he looked at the motion for summary judgment and he said, I finally decided to deny – define no infringement as a fact after I looked at the briefing. Because we move for a finding of infringement, they move for a finding of non-infringement. He said, I finally decided as a fact matter the case couldn't go forward. That's the second step of the infringement analysis. But in so doing, he didn't say that the claim interpretation was so adverse that my case was hopeless, as my opponents say. He never said that. Not in his ruling on the merits, not in his ruling on the fee petition. Okay, why don't we, in the short time we have left – That's why I'm entitled to rely on Kanika. I followed the law. In the short time we have left, why don't we turn to the final question? What's the third question? The third one was at the end of the first paragraph on JA6, the reference to the standard applied by the court, which was their litigating position and their case was not implausible on its face. Is that, in your view, the correct legal standard? Well, I didn't write the words he did, but I think it is the correct standard. It echoes language in many of the other district court cases that I cite in my brief. There's many, many cases that they cite from the district court that follow the Octane case. And this kind of language appears in many of those cases. If you just look at my brief – I only had the one brief – I go through those cases and point out that this is language that basically Judge Fitzgerald is echoing from those cases. Anything beyond district court cases that you rely on that for? There is no Fed Circuit case that says otherwise. Not to my knowledge. Not a one. Well, I'm not looking for one that says otherwise. I'm looking at one that embraces the standard. Well, BIACS supports me. I cited BIACS as in support of my case. Does BIACS use the standard not implausible on its face? No, but BIACS was a tough, closed case. That's all. It was a tough, closed case. And this court said, affirmed the finding of the district court, that there was no abuse of discretion. Your Honor, if you could back up. Yeah, but you understand the point. The district court – we've got an abuse of discretion standard, but the district court has to apply the correct legal analysis. Yeah, you got it. And if the correct legal analysis does not include a standard of whether or not it's implausible on its face, then there's a problem, right? No. It's just another way of saying the same thing that Octane requires him to look for. He was supposed to consider the totality of the circumstances. And on page four of his opinion, that's JA4, he lists all the assertions my opponents made about it, which basically covers every single thing I did in the case. And they say everything I did was wrong. And he said, at the bottom of JA4, he said, after reviewing the docket, my own prior orders, and the declarations made on both sides of this litigation, this court doesn't believe it was undertaken in bad faith or that the case stands out under the Octane standard. That's a clear application of the Octane standard to all the circumstances my opponents say bear on the issue. So I'm entitled to the abuse of discretion, Your Honor. I think. Your time has expired. Thank you. Thank you, Your Honor. The district court said certainly this was not a case that Smartmetric was going to win. The district court relied heavily on the Conecuh case and its statement regarding when a claim construction is indeed determinative of the issue of infringement. Do you think Conecuh really should stand for or does stand for the proposition that the only way you've got to go for summary judgment, you've got to deal with summary judgment in order to get a, if you have an adverse claim construction, you still have to dispute this claim construction? The summary judgment motion? I think that's definitely how district court judge Fitzgerald read it, and I think that is a fair reading of the opinion itself. If you look at the opinion, there's a heading that says, granting attorneys fees for a motion for summary judgment following an adverse claim construction. Can you tell me where in the opinion? I am at page, this is the Lexis site. Me too. Star 12. So this is heading B under discussion. There's a whole section titled, granting attorneys fees for a motion for summary judgment following an adverse claim construction would unfairly preclude parties from appealing claim construction issues. And then there's a whole discussion about basically as to why judge Felser believed that you needed to have a motion for summary judgment in order for a patentee to be able to appeal. That if a patentee gave up the case after a determinative claim construction, that there wouldn't be a record for appeal. But as this court found in the Jane case and in other cases, that's not true. You can enter into a stipulation for non-infringement, and in that stipulation, provide enough of a record for the court of appeals to provide that review. And in fact, in some pre-Octane cases, which were cited in our briefs, the federal circuit has denied attorneys fees and found no exceptional case where a patentee did exactly that. Stipulated to non-infringement after receiving a claim construction under which they could no longer win. And here, Smartmetric received a claim construction under which it undoubtedly could not win. And that's shown by the fact that it relied upon what MasterCard would say was a frivolous argument regarding stand-in processing. The record was that stand-in processing was centralized in St. Louis. That's where it was done. And Smartmetric's own expert in his deposition could not say how the stand-in processing at all depends on location. Stand-in processing is what MasterCard does when it can't reach the cardholder's bank. It reroutes the transaction to stand-in processing in order to authorize the transaction. But that stand-in processing is done in St. Louis, regardless of whether the cardholder's in Seattle, in San Diego, in Miami, or in Maine. And for that reason, the arguments were frivolous. Judge Fitzgerald, I think, set too high a bar here. And that's shown by the errors that we've pointed out. It's also shown by the fact that the very end of the opinion says that a lot of what was going on here relates to the disparity of resources between the parties. Yes, MasterCard is a big company, but that should not have been a factor here. And for all these reasons, we submit that the order should be reversed, or at least vacated. Thank you. We thank both sides in their cases.